Market Street Trust Company, Executor, *v.* Bennethum, Appellant.

Argued May 28, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 30,

*William S. Bailey,* with him *Storey, Bailey & Rupp,* for appellant.

*Henry E. Harner,* with him *C. Russell Welsh, Jr.,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 26, 1953:

On September 15, 1949, Malcolm H. Gettys and Anna S. Bennethum entered into an agreement, as follows:

"9/15/49.

"For a check of 300.00 and 50.00 the first day of each month thereafter, until the sum of 2659.79 is paid I agree to refrain from placing any lien or mortgage on any properties owned by Anna S. Bennethum.

"9/15/49.

"I agree to pay Malcolm Gettys $300 Sept. 9/15/49, and 50.00 each month thereafter until the sum of 2659.79 is paid. Malcolm Gettys agrees to refrain from placing any lien or mortgage against 2227 N. Second St. or any other properties owned by Anna S. Bennethum so long as the above agreement is carried out.

"Witness:   (s)    William H. Bennethum, Jr.

             (s)    Anna S. Bennethum

             (s)    Malcolm Gettys."

On December 4, 1949, Malcolm H. Gettys died, and Anna S. Bennethum discontinued payments, having paid up to that date $450. Gettys' executor instituted an action in assumpsit to collect the balance due under the contract. The defendant renounced any indebtedness to the plaintiff, declaring that while it was true Gettys had not placed any mortgage or lien on the defendant's property, this did not constitute a consideration for the promise to pay, since it was not proved that Gettys had any right to a lien or mortgage.

The agreement above recited was predicated upon work done by Gettys in making certain alterations and repairs to the defendant's property, which work was admitted in the defendant's answer, as follows: ". . . On or about June 3, 1949, Anna S. Bennethum, by her

agent, William H. Bennethum, Jr., entered into an oral agreement with Malcolm Gettys for alterations and repairs according to certain plans prepared by Robert N. Longacre, an architect, to premises 2227 North Second Street, Harrisburg, Pennsylvania, which was the property of Anna S. Bennethum. By said oral agreement Malcolm Gettys agreed to do all of the plastering, furnish all of the lumber and hardware, provide the necessary carpentry work, labor and the brick work for a total price between $1,500 and $1,600, not to include a fire escape. Electrical, plumbing, painting and papering work involved in the alterations were contracted for and performed by others. Thereafter, Malcolm H. Gettys proceeded with said alterations and repairs according to said plan, and agreed to add new flooring on the third floor and make certain additions in the kitchen, not provided for in the plan, at the additional price of $250. However, Malcolm H. Gettys charged $375 for said flooring and additional work, rather than the agreed $250. On or about September 14, 1949, Malcolm H. Gettys had completed said alterations and repairs except to construct a wooden walk to the fire escape. . ."

At the trial the plaintiff introduced the contract and rested. The defendant sought to introduce an undated agreement which read as follows: "I agree to accept in full and complete payment for all work done at 2227 North Second St. for Anna S. Bennethum the sum of 2957.79 to be paid as follows—$300.00 on Thursday 9/15/49 and 50.00 a month thereafter until the sum of $2657.79 every month is paid—

        (s)   Anna S. Bennethum

        (s)   M. H. Gettys

        (s)   William H. Bennethum. Jr."

The defendant also offered in evidence four checks showing that she had paid the decedent the total sum of $1900 prior to September 15, 1949. The purpose of

these two offers, which were refused by the Trial Judge, was to demonstrate that prior to September 15, 1949, there had been a complete agreement between the parties on the same subject matter and therefore there could not be any valid consideration for the defendant's promise on that date.

The contending positions in this case were not presented with reassuring reinforcing evidence because Death had robbed the trial of its two most important witnesses: one was silenced by the grave and the lips of the other were muted by the Act of May 23, 1887, P. L. 158, sec. 5 (28 P.S. 321), which disqualifies, as a witness, the surviving party to a contract.

However, the contract of September 15, 1949, and the written admissions in the defendant's answer made out a prima facie case which the defendant did not overcome in fact or by application of law.

The Act of June 4, 1901, P. L. 431, sec. 2 (49 P.S. sec. 21) provides: "Every structure or other improvement and the curtilage appurtenant thereto, shall be subject to lien for the payment of all debts due to the contractor or sub-contractor . . . in the alteration and repair thereof . . .; and in the fitting up or equipment of the same for the purpose for which the improvement is made, . . . and for like debts, contracted by such owner in the fitting up or equipment . . . of new or old structures or other improvements, for business purposes. . ."

Whatever defects appear in the contract of September 15, 1949, to make it self-executing (because it contained no reference to the work which supported the right to a "lien or mortgage") were supplied by the defendant's answer. The offer by the defendant of the undated writing and the four checks (all dated prior to September, 1949) would have been ineffective to invalidate the contract of the latter date. Since the un-

dated writing refers to September 15, 1949, as a future date it necessarily, therefore, antedated the second contract; and, in the absence of any explanation, the only possible inference is that the contract of September 15, 1949, rescinded all prior agreements. Thus, it would not be sufficient to show that payments were made under a prior agreement without first proving that that agreement was still alive on September 15, 1949. In the absence of any such proof, it followed that all payments presumably made thereunder could in no way be considered as having been made on account of the contract of September 15, 1949.

We are satisfied that the entire record establishes a prima facie case of a contract which admittedly has been breached by the defendant. In the absence of evidence overcoming that prima facie case, the lower court properly directed a verdict in favor of the plaintiff.

Judgment affirmed.